UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNTERS CAPITAL, LLC; HUNTERS PROPERTY HOLDINGS, LLC; and GREENUS BUILDING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE HANOVER AMERICAN INSURANCE COMPANY,<br><br>Defendant. | No.:<br><br>NOTICE OF REMOVAL |

TO:	Clerk of the Court

AND TO:	Plaintiffs, including their counsel Tristan N. Swanson and K. Michael Fandel of Miller Nash LLP

NOTICE OF REMOVAL
NO.:

PAGE 1

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## I. BACKGROUND

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Hanover American Insurance Company ("Hanover") removes to this Court the state court action described below. In support of this Notice, Hanover states as follows:

1. In King County Superior Court, Plaintiffs filed against Hanover: a Complaint for Breach of Contract, Bad Faith, Unfair Business Practices, and Declaratory Relief (the "Compliant") on May 21, 2021; and subsequently filed a First Amended Complaint on June 25, 2021 (*Hunters Capital, LLC et al. v. The Hanover American Insurance Company*, Case 21-2-06780-4 SEA) (the "State Court Action").

2. Plaintiffs attempted to serve a copy of the Complaint, a Summons, and the First Amended Complaint on the Office of the Washington Insurance Commissioner, which accepted service on June 29, 2021 on Hanover's behalf. The Office of the Washington Insurance Commissioner then mailed these materials to Hanover, and Hanover's representative received them on July 7, 2021.

3. This Notice of Removal is timely filed within 30 days of Hanover's receipt of these materials pursuant to 28 U.S.C. § 1446(b)(1).[1]

## II. JURISDICTION

4. The State Court Action can be removed to this Court under 28 U.S.C. § 1441(b), because this Court has original jurisdiction under 28 U.S.C. § 1332(a).

5. Complete diversity exists between the parties because Hanover and Plaintiffs are citizens of different states.[2]

---

[1] *See* 28 U.S.C. § 1446(b)(1); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) ("[T]he thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and began in this case only when State Farm actually received the Andersons' complaint.").

[2] *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A]t this stage of the case, the defendants were merely required to allege (not to prove) diversity . . . .").

a. Plaintiff Greenus Building, Inc., is a Washington corporation. And upon information and belief, its principal place of business is in Washington.[3] That is, its citizenship is in Washington.[4]

b. Plaintiff Hunters Capital, LLC is a limited liability company. Its citizenship is determined by the citizenship of its members.[5] Upon information and belief, its sole member—Michael Malone—is a citizen of Washington.[6]

c. Plaintiff Hunters Property Holdings, LLC, is also a limited liability company. Its citizenship is also determined by the citizenship of its members.[7] Upon information and belief, its members are citizens of New York, California, and Washington.[8]

d. Hanover is a Massachusetts corporation. And its principal place of business is in Massachusetts. That is, its citizenship is in Massachusetts and ***not*** in any of the above-mentioned States for Plaintiffs.

6. The required amount in controversy for jurisdiction—$75,000 exclusive of interests and costs—is satisfied here.[9]

---

[3] First Amended Complaint at ¶ 2; Complaint at ¶ 2.

[4] *See Barrus v. Recontrust Co.,* 2011 WL 2360206, at *2 (W.D. Wash. June 9, 2011) ("[A] corporation's citizenship is determined by its state of incorporation and principal place of business.").

[5] *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

[6] First Amended Complaint at ¶ 3; Complaint at ¶ 3. *See Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."), *cert. denied*, 140 S. Ct. 2566, 206 L. Ed. 2d 497 (2020).

[7] *See Johnson*, 437 F.3d at 899.

[8] First Amended Complaint at ¶ 1; Complaint at ¶ 1. *See Ehrman*, 932 F.3d at 1228.

[9] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

    a.    In their Complaint and First Amended Complaint, Plaintiffs referred to themselves collectively at "Hunters Capital."[10]

    b.    Plaintiffs alleged that numerous commercial and mixed-use properties in or around the Capitol Hill neighborhood of Seattle were insured under an insurance policy issued by Hanover.[11]

    c.    Plaintiffs alleged that an "autonomous zone taken over by protesters came to be known as the Capitol Hill Occupied Protest ('CHOP')," and that the "CHOP occupation created obstructions which prevented access to the premises owned and operated by Hunters Capital, its tenants and/or their customers both within the CHOP zone and in the nearby vicinity."[12]

    d.    Plaintiffs alleged that "[p]rotestors within the CHOP zone and in the nearby vicinity repeatedly looted Hunters Capital's properties and damaged them . . . ."[13]

    e.    Plaintiffs alleged that "ongoing and dangerous riot/civil commotion, intimidation, harassment, and its accompanying physical damage to Hunters Capital's insured premises caused many of Hunters Capital's commercial tenants (and their patrons) and residential tenants to abandon the area."[14]

    f.    Plaintiffs alleged that a third-party entity that allegedly tracks and manages "catastrophic incidents" allegedly "declared the CHOP zone protests to be a 'catastrophe'" for a certain time period, and allegedly determined that "property

---

[10] Complaint at ¶ 3; First Amended Complaint at ¶ 3.

[11] Complaint at ¶ 7; First Amended Complaint at ¶ 7.

[12] Complaint at ¶ 12; First Amended Complaint at ¶ 12.

[13] Complaint at ¶ 13; First Amended Complaint at ¶ 13.

[14] Complaint at ¶ 14; First Amended Complaint at ¶ 14.

damage losses from the catastrophe are likely to exceed $25,000,000."[15]

g. Plaintiffs alleged that "Hunters Capital submitted a notice of loss or claim (the 'Claim') to Hanover, seeking reimbursement under the Policy for costs to repair property damage to its premises caused by the civil commotion, riot, vandalism, and occupation of the CHOP zone, as well as business income loss and extra expense caused by the same."[16] Plaintiffs further alleged, "[i]n short, other than accepting some of Hunters Capital's Claim for expenses incurred to repair physical damage to the insured premises, Hanover denied Hunters Capital's Claim outright."[17]

h. Plaintiffs asserted a breach-of-contract claim against Hanover, for which they alleged that they had been "damaged by Hanover's breach of contract in an amount to be proven at trial" but "not less than $3,270,608.11."[18]

i. Plaintiffs asserted extra-contractual claims as well. They include: a claim for bad faith, for which Plaintiffs alleged that "Hunters Capital has been directly and proximately damaged by Hanover's bad faith in an amount to be proven at trial, not less than $3,270,608.11"[19]; a claim under the Insurance Fair Conduct Act, for which Plaintiffs alleged that they are entitled to "actual damages" and desire "treble damages"[20]; and a claim under Washington's Consumer Protection Act, for which they alleged "violations" by Hanover and alleged an entitlement to recover "treble

---

[15] Complaint at ¶ 15; First Amended Complaint at ¶ 15.

[16] Complaint at ¶ 16; First Amended Complaint at ¶ 16.

[17] First Amended Complaint at ¶ 20; Complaint at ¶ 20.

[18] Complaint at ¶ 26; First Amended Complaint at ¶ 26.

[19] Complaint at ¶ 29; First Amended Complaint at ¶ 29.

[20] First Amended Complaint at ¶¶ 41 and 42, & Item No. 5 in Request for Relief.

damages up to $25,000 per violation . . . ."[21]

j.  Under a fair and reasonable reading of the allegations[22]—including alleged damages, treble damages, coverages under the insurance policy, and circumstances involving numerous commercial and mixed-use properties—Plaintiffs have placed in controversy more than $75,000, exclusive of costs and interest.[23]

### III. VENUE AND INTRADISTRICT ASSIGNMENT

7.  Venue is proper in the United States District Court for the Western District of Washington because it is the district embracing the place where the State Court Action is pending.[24]

---

[21] First Amended Complaint at ¶¶ 31, 34

[22] *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (providing that amount in controversy is measured by "a reasonable reading of the value of the rights being litigated"); *Hayes v. Equitable Energy Resources Co.*, 266 F. 3d 560, 573 (6th Cir. 2001) ("[A] fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy."); *Walker v. Fred Meyer Stores*, 2012 WL 13191430, at *2 (W.D. Wash. Jan. 25, 2012) (indicating that a common-sense assessment may be made); *Brown v. Paducah & Louisville Ry., Inc.*, 2013 WL 5273773, at *3 (W.D. Ky. Sept. 17, 2013) ("[T]he amount in controversy may be established by drawing reasonable inferences based on the nature and extent of the damages requested ….").

[23] Plaintiffs jointly assert their allegations and claims against Hanover.  But should Plaintiffs be bringing separate and distinct claims, and should there be a question as to whether some of them fail to meet the jurisdictional amount, only one Plaintiff must seek more than $75,000 for the Court to have jurisdiction.  "[A] federal court may exercise supplemental jurisdiction over a co-plaintiff's claims that fail to meet the jurisdictional amount in controversy if (1) at least one plaintiff satisfies the amount in controversy, (2) the other elements of diversity jurisdiction are satisfied, and (3) the plaintiff's claims are part of the same 'case or controversy.'"  *Carey v. S.J. Louis Const. Inc.*, 2010 WL 3853348, at *4 (E.D. Cal. Sept. 30, 2010) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); 28 U.S.C. § 1367(a).  Here, there are three Plaintiffs, a breach-of-contract claim with alleged damages of not less than $3,270,608.11, and a bad-faith claim with alleged damages of at least $3,270,608.11.  Splitting $3,270,608.11 three ways, it must be that at least one Plaintiff seeks damages of at least $1,090,202.70 for a breach-of-contract claim, or a bad-faith claim, resting on common alleged facts and circumstances with respect to alleged coverage under an insurance policy. *See Graf v. Chesapeake Energy Corp.*, 2018 WL 4334015, at *3 (S.D. Tex. Feb. 8, 2018) (considering an alleged sum and dividing it by the number of plaintiffs); *Carey*, 2010 WL 3853348, at *4 ("[T]o determine whether the claims are part of the same case or controversy, the Court examines whether the claims involve a 'common nucleus of operative fact.'").

[24] *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

8. Intradistrict assignment is proper in the Seattle Division because that is the division embracing the State Court Action in King County.[25]

### IV. PROCEDURAL REMOVAL

9. In accordance with 28 U.S.C. § 1446(a) and LCR 101, true, correct, and complete copies of the process, pleadings, and orders, as well as all additional records and proceedings in the State Court Action are attached to this Notice of Removal.

10. In accordance with 28 U.S.C. § 1446(d), Hanover will submit a Notice to Plaintiffs and the State Court Clerk of the removal to the U.S. District Court, in King County Superior Court, attached to which will be a copy of this Notice.

11. By filing this Notice, Hanover does not waive and it expressly reserves all rights, defenses, or objections of any nature that it may have against Plaintiffs' claims.

DATED: July 29, 2021

BULLIVANT HOUSER BAILEY PC

By  s/ John A. Bennett
John A. Bennett, WSBA #33214
E-mail:  john.bennett@bullivant.com
Owen R. Mooney, WSBA #45779
E-mail:  owen.mooney@bullivant.com

Attorneys for Defendant The Hanover American Insurance Company

4829-0549-6820.1

---

[25] *See* 28 U.S.C. § 1441(a); LCR 3(e); *Garcia v. Courtesy Ford, Inc.*, 2006 WL 2439815, at *1 (W.D. Wash. Aug. 22, 2006) (concluding that because the Seattle Division "'embraces'" King County, venue is proper before the Seattle Division under 28 U.S.C. 1441(a)).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Tristan Swanson
K. Michael Fandel
Miller Nash Graham & Dunn LLP
Pier 70
2801 Alaskan Way, Ste. 300
Seattle, WA  98121-1128
(206) 624-8300
Email:  Tristan.Swanson@MillerNash.com
             Michael.fandel@MillerNash.com

Dated:  July 29, 2021

s/ *Genevieve Schmidt*
Genevieve Schmidt, Legal Assistant